***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission, and that the Industrial Commission has jurisdiction of the parties and of the subject matter. *Page 2 
2. That all parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. That all parties have been properly designated and there is no question as to misjoinder or nonjoinder of parties.
4. That Phoenix Fund/Synergy Coverage Solutions is the Third-Party Administrator-Defendant.
5. That Plaintiff sustained an admittedly compensable injury on August 13, 2003, arising out of and in the course and scope of his employment and the same was admitted on a Form 60.
6. That an employment relationship existed between Plaintiff and Defendant on August 13, 2003.
7. That Plaintiff's average weekly wage was $300.00, yielding a compensation rate of $200.01.
8. That Plaintiff filed a Form 33 Request for Hearing on September 27, 2007, citing that "Plaintiff requests a hearing on treatment issues per the Notice of Worsening of Condition filed on March 24, 2005, a copy of which is attached."
9. That Defendants filed a Form 33R on October 31, 2007, citing that "Defendants contend that Plaintiff has received appropriate medical and indemnity compensation; Plaintiff returned to work for the Defendant on January 26, 2004. Last compensation was paid on June 29, 2004. Defendants contend that the statute of limitations for additional treatment has run. Defendants reserve the right to assert additional defenses at hearing."
10. That mediation was held and impassed on February 19, 2009. *Page 3 
11. The parties stipulated into evidence as Stipulated Exhibit #1, Pre-trial Agreement, as modified and initialed by the parties.
12. The parties stipulated into evidence as Stipulated Exhibit #2, medical records.
13. The parties stipulated into evidence as Stipulated Exhibit #3, Industrial Commission Forms.
14. The parties stipulated into evidence as Stipulated Exhibit #4, Plaintiff's responses to Defendants' first set of Interrogatories.
15. The parties stipulated into evidence as Stipulated Exhibit #5, March 11, 2005 letter.
16. The parties stipulated into evidence as Stipulated Exhibit #6, March 24, 2005 letter.
17. The parties stipulated into evidence as Stipulated Exhibit #7, Notice of Worsening Condition (2 pages).
18. The parties stipulated into evidence as Stipulated Exhibit #8, April 26, 2005 letter to Kim Stringer.
19. The parties stipulated into evidence as Stipulated Exhibit #9, February 20, 2009 letter to Susan Briggs (2 pages).
20. The parties stipulated into evidence as Stipulated Exhibit #10, August 26, 2004 letter to Plaintiff's attorney from Kim Stringer.
21. The parties stipulated into evidence as Stipulated Exhibit #11, February 27, 2008 letter to Plaintiff's attorney from Susan Briggs.
22. The parties stipulated into evidence as Stipulated Exhibit #12, medical payments and Indemnity payments (4 pages). *Page 4 
23. The parties stipulated into evidence as Stipulated Exhibit #13, child-support documentation.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained injuries to his left middle finger, left knee, and left shoulder while mowing grass on August 13, 2003. When the Anson Rescue Squad arrived at the scene of the accident, Plaintiff was standing beside a truck. Plaintiff was transported to the Emergency Department of Anson Community Hospital, where he was diagnosed with a left knee contusion, a neck sprain, and a laceration to his left middle finger. A radiology report from Anson Community Hospital indicated Plaintiff had a possible avulsion fracture of the inferior tip of the left patella.
2. Plaintiff treated with Dr. Igwilo on August 15, 2003, at which time he was complaining of left knee pain and left middle finger pain. Dr. Igwilo treated Plaintiff, giving him a knee immobilizer, and Dr. Igwilo instructed Plaintiff to return for additional treatment in ten (10) days. Rather than returning to Dr. Igwilo in ten (10) days, Plaintiff chose to receive treatment at Burch Chiropractic Center.
3. Plaintiff finally returned to Dr. Igwilo on September 15, 2003. At that time, Plaintiff's chief complaint was left shoulder pain. Dr. Igwilo indicated Plaintiff had full range of motion of his left middle finger when Dr. Igwilo examined the finger. Dr. Igwilo indicated Plaintiff held back his movement, but Dr. Igwilo believed Plaintiff needed no physical therapy for his left middle finger because Plaintiff had full range of motion. He indicated Plaintiff should have *Page 5 
no permanent problems with his left middle finger as long as Plaintiff continued to move his finger.
4. Dr. Igwilo further noted Plaintiff's left knee injury was relatively minor and should have healed adequately without further intervention six to twelve (6-12) weeks following the date of injury. Dr. Igwilo referred Plaintiff to Dr. Chason Hayes for additional treatment.
5. Plaintiff began treating with Dr. Hayes on September 19, 2003. Dr. Hayes diagnosed Plaintiff with a cervical strain, contusion of his left shoulder, post traumatic rotator cuff syndrome, and a possible lumbar strain. Plaintiff received multiple injections in his left shoulder from September 19, 2003, through February 12, 2004. On February 12, 2004, Plaintiff complained of a bump on his left leg, and Dr. Hayes indicated it was a fascial defect that should cause no problems for Plaintiff. Plaintiff was released to return to light duty work.
6. Plaintiff last treated with Dr. Hayes on June 4, 2004. Plaintiff had excellent resolution of his symptoms, with no pain or weakness in his shoulders. Plaintiff indicated he had returned to full duty work and could do everything he wanted with no difficulty. Dr. Hayes released Plaintiff at maximum medical improvement (MMI) with no permanent restrictions, and Dr. Hayes assigned a 0% impairment rating to Plaintiff's left shoulder.
7. Plaintiff last received treatment at Ansonville Community Hospital on April 3, 2005. Plaintiff contends that treatment was related to his workers' compensation claim. However, Plaintiff only complained of pain in his right shoulder on that date of treatment, a body part unrelated to his workers' compensation claim.
8. Plaintiff continued to work for Defendant-Employer until approximately September 14, 2005. Plaintiff has continued to work since that time as a self-employed auto *Page 6 
mechanic earning $500.00 per week. Plaintiff has sustained no loss of earning capacity as a result of his workers' compensation claim.
9. Plaintiff filed a Notice of a Worsening of Condition on March 24, 2005, but Plaintiff did not give any specifics as to how his condition had worsened. Plaintiff requested additional medical treatment from the claims adjuster, Kim Stringer, in March of 2005. Ms. Stringer authorized a return appointment with Dr. Hayes for Plaintiff, but Plaintiff never returned to Dr. Hayes despite Ms. Stringer's authorization.
10. Plaintiff did not return to Dr. Hayes as authorized in March or April of 2005, and Plaintiff did not request any additional medical treatment for over two (2) years following April of 2005. Plaintiff never filed a Motion to obtain additional medical treatment, and Plaintiff did not file a request for hearing until September 27, 2007. Plaintiff's delay in requesting additional medical treatment is prejudicial to Defendant. Defendant has an interest in finality of claims, and Plaintiff was previously released at maximum medical improvement with a 0% impairment rating. It is prejudicial to Defendant for Plaintiff to seek additional medical treatment over five (5) years after his date of injury when he did not seek treatment for a period of two and a half (2.5) years prior to his request for hearing.
11. Plaintiff's failure to seek treatment is in violation of N.C. Gen. Stat. § 97-25.1, which clearly provides a claimant's right to additional medical treatment terminates two (2) years after the last payment of medical or indemnity compensation. The last payment of compensation for this claim was made on June 29, 2004. Even though Plaintiff filed a Notice of Worsening of Condition on March 24, 2005, Plaintiff did not seek any additional treatment or file a request for hearing until September 27, 2007, well outside the two (2) year statute of limitations. Plaintiff is *Page 7 
not entitled to any additional medical treatment. Plaintiff's untimely action was prejudicial to Defendant.
12. Plaintiff is not entitled to any benefits under N.C. Gen. Stat. § 97-27. Plaintiff did not raise this issue in the Pre-Trial Agreement. Furthermore, Plaintiff received a 0% impairment rating to his left shoulder on June 4, 2004, and Ms. Stringer requested of Plaintiff whether he wanted to obtain a second opinion on his rating, as one was authorized per N.C. Gen. Stat. § 97-27. Plaintiff never exercised his right to a second opinion on the rating to his left shoulder, and Plaintiff was not entitled to a rating to either his left middle finger or left knee. The medical records and testimony of Dr. Igwilo reflect Plaintiff sustained only minor injuries to his left middle finger and left knee, and both of those injuries healed. Plaintiff is not entitled to any rating to either his left middle finger or left knee.
13. Plaintiff received all appropriate medical treatment as a result of his workers' compensation injury of August 13, 2003, and Plaintiff recovered from his injuries. Plaintiff does not require any additional medical treatment.
14. Plaintiff has received appropriate indemnity and medical compensation for his compensable injuries.
15. Plaintiff's request for hearing on the issues asserted is determined to be reasonable.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff is not entitled to any additional medical benefits. N.C. Gen. Stat. § 97-25.1. *Page 8 
2. Plaintiff is not entitled to a second opinion on the rating or any permanent partial impairment benefits. N.C. Gen. Stat. §§ 97-27 and 97-31.
3. Plaintiff has received all appropriate medical treatment and indemnity under N.C. Gen. Stat. § 97-2.
4. Plaintiff has sustained no loss of earning capacity under N.C. Gen. Stat. §§ 97-29 and 97-30.
5. Plaintiff's request for hearing was reasonable based upon the issues asserted in this case.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Plaintiff is not entitled to any additional medical benefits from Defendants. Therefore, Plaintiff's claim against Defendants is DENIED.
2. Each side shall bear its own costs.
This the 1st day of July, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ *Page 9 
STACI T. MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1